IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| TALBOT CONSTRUCTION, INC., TALBOT ENTERPRISES, INC., J & K SYNERGY, LLC JOHN ZAMBETTI, and KELLY ZAMBETTI | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR SPECIFIC PERFORMANCE, EQUITABLE, AND OTHER RELIEF

Plaintiff, International Fidelity Insurance Company (the "Surety"), by and through counsel, respectfully submits its Original Complaint for Specific Performance, Equitable, and Other Relief against Defendants, Talbot Construction, Inc., Talbot Enterprises, Inc., J & K Synergy, LLC, John Zambetti and Kelly Zambetti (collectively, "Defendants"), and respectfully states:

### *Parties*

1.      International Fidelity Insurance Company is a Pennsylvania corporation, with its principal place of business in New Jersey, and is authorized to do business in the State of Georgia.

2.      Defendant Talbot Construction, Inc. ("Talbot Construction") is a Georgia corporation that may be served with process through its registered agent David Merbaum at 5755 Northpoint Pkwy, Suite 284, Fulton, GA 30022.

3.     Defendant Talbot Enterprises, Inc., ("Talbot Enterprises") is a Georgia corporation that may be served with process through its registered agent John Zambetti at 5000 Research Court, Suite 750, Forsyth, GA 30024.

4.     Defendant J & K Synergy, LLC ("J&K") is a Georgia corporation that may be served with process through its registered agent Kelly Zambetti at 7570 Wentworth Drive, Forsyth, GA 30097.

5.     Defendant John Zambetti is an individual resident of the State of Georgia who may be served with process at 7570 Wentworth Drive, Forsyth, GA 30097.

6.     Defendant Kelly Zambetti is an individual resident of the State of Georgia who may be served with process at 7570 Wentworth Drive, Forsyth, GA 30097.

### Statement of Jurisdiction

7.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and cost.

8.     This Court possesses the power to declare the respective rights and other legal relations of the parties as requested herein under 28 U.S.C. § 2201(a).

9.     This Court possesses the power to grant the injunctive relief requested herein under Rule 65 of the Federal Rules of Civil Procedure.

### Venue

10.     Venue is proper in this district under 28 U.S.C. § 1391 in that (a) the Defendants reside in this district in the State of Georgia, (b) a substantial part of the events or omissions giving rise to the Surety's claim occurred in this district, and (c) the Defendants are subject to

personal jurisdiction in this district at the commencement of this action and there is no district in which the action may otherwise be brought.

*Factual Background*

11.    The Surety issued performance and payment bonds on behalf of Talbot Construction, as Principal, in connection with multiple construction projects in the States of Georgia and Alabama.  The bonds issued by the Surety included the following (collectively, the "Bonds") for the following projects (collectively, the "Projects") and obligees (collectively, the "Obligees"):

| BOND NO. | PROJECT NAME | OBLIGEE |
|---|---|---|
| GRIFSU0631398 | Lake Forest Hills Elementary School Additions & Renovations, Augusta, GA (B12-009-1603) | County Board of Education of Richmond County |
| GRIFSU0631399 | Welding Shop Renovations for Bevill State Community College, Fayette, AL PH&J#1201CU | Alabama Public School and College Authority |
| GRIFSU0636569 | PNC Alpharetta Avalon Old Milton,  Alpharetta, GA | PNC Bank, National Association |

12.    On or about June 11, 2013, to induce the Surety to issue Bonds, Talbot Construction, Talbot Enterprises, J&K, John Zambetti and Kelly Zambetti (collectively, the "Indemnitors") executed an *Agreement of Indemnity* (the "AOI") in favor of the Surety.  A true and correct copy of the AOI is attached hereto as **Exhibit "A"** and fully incorporated herein for all purposes.

13.    Under the AOI, the Indemnitors promised to exonerate, indemnify, and keep the Surety indemnified from and against all loss that the Surety has incurred or anticipates that it will incur by reason of issuing the Bond.  Specifically, pursuant to the AOI, the Indemnitors agreed as follows:

The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest court costs and the cost of services rendered by counsel, investigators, accountants, engineers, or other consultants, whether consisting of in-house personnel or third party providers) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. **The Contractor and Indemnitors shall deposit with the Surety, on demand an amount of money or other collateral security acceptable to the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor, equivalent to such amount that the Surety, in its sole judgment, shall deem sufficient to protect it from loss, or expense for which the Contractor and Indemnitors would be obligated to indemnify the Surety under the provisions of this Agreement.** If for any reason the Surety deems it necessary to demand an additional amount of collateral security to cover any possible additional liability or loss, the Contractor and Indemnitors shall deposit with the surety, immediately upon the Surety's demand, an additional amount of collateral security equal to such demand. The Surety shall have no obligation to invest or to provide a return on any such deposits.

(Exhibit A, ¶ SECOND)(emphasis added).

14.    The AOI further provides:

The Contractor and Indemnitors will, upon the written request of the Surety, promptly procure the full and complete discharge of the Surety from any Bonds . . . If such full and complete discharge is unattainable, the Contractor and Indemnitors will . . .within five (5) business days, place the Surety in funds . . . sufficient to meet all of the Surety's liabilities. . . The Contractor and Indemnitors waiver, to the fullest extent permitted by applicable law, each and every right which they may have to contest such payment.

(Exhibit A, ¶ THIRD).

15.    To the extent the Surety makes any payments under the Bonds, the Indemnitors further agreed that "the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of that fact and the amount of the liability to the Surety". (*Id.*).

*Actual Payment Bond Losses*

16.     After execution of the payment Bonds, numerous claims were received by the Surety alleging that Talbot Construction was not making payments to its subcontractors and suppliers on the Projects.  Pursuant to its obligations under the payment bonds, the Surety proceeded with paying perfected claims totaling $354,607.07.  Additionally, the Surety has incurred $6,887.78 in expenses.  After accounting for the $171,810.51 in contract balances received, the Surety's current loss—excluding attorneys' fees—is $189,684.34.

*Potential Payment Bond Losses*

17.     The Surety anticipates the losses to increase due to ongoing disputes with subcontractors of Talbot Construction subcontractors alleging that Talbot Construction has failed to pay amounts owed for labor and/or materials delivered to the Projects.  The following is a list of outstanding payment bond claims by Bond number:

| BOND NO. | CLAIMANT | AMOUNT |
|---|---|---|
| GRIFSU0631398 | United Enterprises, Inc. | $ 1,794.70 |
| GRIFSU0631398 | Bridges Wood Products, Inc. | $ 1,980.00 |
| GRIFSU0631398 | Peachtree Protective Covers | $32,349.40 |
| GRIFSU0631398 | Finuf Sign Co., Inc. | $ 5,861.40 |
| GRIFSU0631399 | McKelvey Mechanical, Inc. | $ 7,400.00 |
| GRIFSU0631399 | Southern Overhead Door, Inc. | $    974.10 |
| GRIFSU0631399 | Big Turtle Enterprises | $14,480.00 |
| GRIFSU0631399 | Glen Odom dba Smith Lake | $ 6,250.00 |
| GRIFSU0631399 | Pro Electric Services | $58,647.50 |
| GRIFSU0631399 | Jeffco Concrete Contractors | $ 1,400.00 |
| GRIFSU0631399 | John Wakefield Excavating | $ 7,055.00 |
| GRIFSU0636569 | Abrams Architectural Products | $ 4,900.00 |

*Total Losses Under the Bonds*

18.     As of the filing of this Original Complaint, the Surety has incurred at least $186,608.34 in actual loss under the Bonds and anticipates further loss under the Bonds as a result of resolving the remaining payment bond claims up to $143,092.10.

19.     All conditions precedent to recovery by the Surety from each defendant has occurred or has been performed.

### *The Surety's Demands for Indemnity and Collateral*

20.     By letter dated May 20, 2015, attached hereto as **Exhibit "B"**, the Surety, among other things, (a) detailed the indemnity, collateral, and other obligations each of the Indemnitors named as a Defendant in this lawsuit owes to the Surety under the AOI, and (b) requested that the Indemnitors deposit collateral totaling $512,436.37 relative to the numerous payment bond claims received under the Bonds on or before May 26, 2015.

21.     Receiving no collateral security from the Indemnitors by the May 26, 2015 deadline, the Surety issued a notice of breach of the obligations under the AOI by letter dated June 9, 2015, attached hereto as **Exhibit "C"**.  The Surety further informed the Indemnitors that as a result of the breach, the Surety would "promptly undertake any and all measures it deems appropriate, including but not limited to the settlement of the outstanding claims on the referenced bonds".  (Exhibit C, ¶2).

22.     By email correspondence dated October 8, 2015, attached hereto as **Exhibit "D"**, the Surety, again requested that the Indemnitors deposit collateral totaling $330,000 relative to the numerous payment bond claims received under the Bonds.

23.     After receiving no response from the Indemnitors, the Surety issued a final demand for the posting of collateral in a letter dated November 2, 2015, attached hereto as **Exhibit "E"**.  The Surety notified the Indemnitors that failure to post collateral within five business days would result in the Surety having no choice but to seek legal recourse.

24.     Despite the Surety's demands, the Indemnitors have failed to deposit any collateral with the Surety relative to the numerous payment bond claims in violation of the AOI.

25.     As of the date of this filing, the Indemnitors refuse to do anything to indemnify and hold the Surety harmless.   Because the Indemnitors refuse to post collateral security to the Surety, the Surety will face imminent harm, irreparable injury, and will have no adequate remedy at law with respect to reimbursement for its loss under the Bonds.

26.     All conditions precedent to recovery by the Surety from the Indemnitors have occurred or have been performed.

### Count I
### Breach of Indemnity Agreement

27.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 26.

28.     Talbot Construction has failed or refused to pay bills or other indebtedness incurred in connection with the Projects for which the Bonds were issued.

29.     Despite demand, the Indemnitors failed and/or refused to pay the Surety an amount sufficient to discharge claims against the Surety from having issued the Bonds.

30.     The wrongful acts of the Indemnitors set forth in paragraphs 27 and 28 constitute independent defaults and breaches of the AOI.

31.     Under the AOI, the Indemnitors are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorney's fees, in connection with claims on the Bonds.

### Count II
### Common Law Indemnity

32.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 31.

33.     The Surety has been called upon as a surety for Talbot Construction to pay for Talbot Construction's alleged defaults under the Bonds.

34.     Talbot Construction benefitted from the Surety's posting of the Bonds, as Talbot Construction could not have performed the contracts for which the Bonds were issued without the Bonds.

35.     Under the theories of common law indemnity, unjust enrichment, and restitution, the Surety is entitled to payment by Talbot Construction for all of the Surety's loss and expense resulting from issuance of the Bonds.

### Count III
### Exoneration

36.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 35.

37.     The Indemnitors are jointly and severally liable to the Surety under the AOI for all amounts necessary to exonerate the Surety from liability asserted against it.

### Count IV
### Collateralization/Quia Timet

38.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 37.

39.     The Indemnitors are jointly and severally liable to the Surety under the AOI for any amount of collateral necessary to cover all anticipated losses of the Surety under the Bonds.

### Count V
### Specific Performance of Indemnity Agreement

40.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 39.

41.     The Surety requests that the Court compel the Indemnitors to provide the Surety with access to its books, records, and accounts identified in the Paragraph ELEVENTH of the AOI so that the Surety may determine any additional exposure under the Bonds.

42.     The Surety also requests that the Court compel the Indemnitors to assign all its rights to payment of any contract balance, retainage, or other sum due under any construction contract bonded by the Surety pursuant to the provisions of the AOI.

### Count VI
### Application for Injunctive Relief

43.     The Surety hereby restates the averments contained in the foregoing Paragraphs of its Complaint for Specific Performance, Equitable, and Other Relief as if fully set forth herein.

44.     The Surety hereby applies for a Temporary Injunction ordering the Indemnitors to deposit immediately cash collateral in the amount of $335,000 with the Surety.  The injunctive relief is necessary to preserve the status quo and to prevent significant, imminent, and irreparable harm to the Surety, as the Surety will suffer such harm if it does receive the protection it has a right to receive under the AOI in the form of cash collateral.

45.     The Surety will likely prevail on the merits and has no adequate remedy at law. Injunctive relief will not adversely affect the public interest, and the Surety is willing to post a bond in the amount the Court deems appropriate.

### Count VII
### Recovery of Attorneys' Fees and Expenses

46.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 45.

47.     The Surety is entitled to recover its attorneys' fees and expenses from the Indemnitors under the AOI.

48.     Additionally, and alternatively, the Indemnitors are obligated to reimburse the Surety for its reasonable attorneys' fees incurred in the bringing of this complaint § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

### *Request for Relief*

For the foregoing reasons Plaintiff, International Fidelity Insurance Company, respectfully requests that Talbot Construction, Inc., Talbot Enterprises, Inc., J & K Synergy, LLC, John Zambetti and Kelly Zambetti be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1.     Judgment against Talbot Construction, Inc., Talbot Enterprises, Inc., J & K Synergy, LLC, John Zambetti and Kelly Zambetti, jointly and severally, in the amount of damages incurred by the Surety;

2.     Judgment against Talbot Construction, Inc., Talbot Enterprises, Inc., J & K Synergy, LLC, John Zambetti and Kelly Zambetti, jointly and severally, for amounts necessary to exonerate the Surety from all liability asserted against it;

3.     For entry of preliminary and permanent injunctions requiring Talbot Construction, Inc., Talbot Enterprises, Inc., J & K Synergy, LLC, John Zambetti and Kelly Zambetti to specifically perform their obligation to deposit cash collateral with the Surety in the minimum amount of $335,000;

4.     Attorneys' fees and expenses;

5.     Pre-judgment and post judgment interest at the maximum permissible at law or in equity;

6.      Costs of court; and

7.      Such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

KREBS FARLEY, PLLC

By: _/s/ Brian A. Dodd_____
       Brian A. Dodd
       Bar No. 301055
       1950 Stonegate Dr., Suite 225
       Birmingham, AL 35242
       (205) 968-4009 Telephone
       (205) 968-7343 Facsimile
       bdodd@kfplaw.com

**ATTORNEYS FOR INTERNATIONAL
FIDELITY INSURANCE COMPANY**

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint and the factual allegations thereof and the facts alleged therein are true and correct.

Executed this ___13th___ day of November, 2015.

Bryan Badeaux
Representative for International Fidelity Insurance
Company