IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTERNATIONAL FIDELITY INSURANCE COMPANY
                                              PLAINTIFF

VS.                                      CAUSE NO. 1:15-CV-03969-LMM

TALBOT CONSTRUCTION, INC., ET AL.,
                                              DEFENDANTS
_____

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**
_____

1.     Description of Case:

    (a)     Describe briefly the nature of this action.

Plaintiff, International Fidelity Insurance Company ("IFIC"), seeks recovery from Defendants, Talbot Construction, Inc. ("Talbot Construction"), Talbot Enterprises, Inc., J & K Synergy, LLC, John Zambetti and Kelly Zambetti, of losses IFIC alleges to have incurred under certain Performance and Payment Bonds that IFIC issued.

    (b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

IFIC issued performance and payment bonds on behalf of Talbot Construction, as Principal, in connection with multiple construction projects in the

States of Georgia and Alabama. The bonds issued by the Surety included the following (collectively, the "Bonds") for the following projects (collectively, the "Projects") and obligees (collectively, the "Obligees"):

| BOND NO. | PROJECT NAME | OBLIGEE |
|---|---|---|
| GRIFSU0631398 | Lake Forest Hills Elementary School Additions & Renovations, Augusta, GA (B12-009-1603) | County Board of Education of Richmond County |
| GRIFSU0631399 | Welding Shop Renovations for Bevill State Community College, Fayette, AL PH&J#1201CU | Alabama Public School and College Authority |
| GRIFSU0636569 | PNC Alpharetta Avalon Old Milton, Alpharetta, GA | PNC Bank, National Association |

Prior to the issuance of the aforementioned Bonds, the parties entered into an Agreement of Indemnity ("AOI"). The terms and conditions of the AOI are self evident.

Various subcontractors of Talbot Construction that performed certain work on the Projects made payment bond claims against IFIC for monies they claimed that Talbot Construction has failed or refused to pay them. IFIC ultimately paid some but not all of the aforesaid subcontractors the amounts, in whole or in part, claimed by them pursuant to the terms and conditions of the payment bonds issued by IFIC and sustained losses totaling $186,608.34. Because of the remaining

2

payment bond claims being asserted by Talbot Construction's subcontractors, IFIC may sustain additional losses under the Bonds in an amount up to $143,092.10. In accordance with the provisions of the AOI, IFIC has requested the Defendants, separately and severally, to reimburse IFIC for all losses, costs and expenses incurred by IFIC by virtue of the issuance of Bonds on behalf of Talbot Construction. The Defendants have denied liability to IFIC and have not made any payments to it.

 (c) The legal issues to be tried are as follows:

For plaintiffs: The enforcement of defendants' obligations to IFIC under the AOI.

For defendants: Whether Defendants defaulted under the terms of the agreement, whether Plaintiff performed and completed all conditions precedent to its right to recovery from Defendants, and whether the Plaintiff caused, contributed to, or failed to mitigate its damages, if any.

 (d) The cases listed below (include both style and action number) are:

  (1) Pending Related Cases: None.

  (2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possess one (1) or more of the features listed below (please check):**

 (1) Unusually large number of parties

(2) Unusually large number of claims or defenses
(3) Factual issues are exceptionally complex
(4) Greater than normal volume of evidence
(5) Extended discovery period is needed
(6) Problems locating or preserving evidence
(7) Pending parallel investigations or action by government
(8) Multiple use of experts
(9) Need for discovery outside United States boundaries
(10) Existence of highly technical issues and proof

None apply.  This case is not complex.

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

Brian A. Dodd
Krebs | Farley, P.L.L.C.
1950 Stonegate Drive, Ste. 225
Birmingham, Alabama 35242
Telephone:  205/968-4009
Facsimile:  205/968-7343
E-mail:  bdodd@kfplaw.com


Defendants:

Jeffrey L. Evans, Esq.
Law Office of Jeffrey L. Evans, LLC
160 Clairemont Avenue, Ste. 200
Decatur, Georgia 30030
Telephone: (678) 428-0585
E-mail: jeff@jeffesq.com

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes        (✔) No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined: None.

(b)     The following persons are improperly joined as parties: None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary: None.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or

should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?

Neither party requests a scheduling conference at this time.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, response to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)–months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

For plaintiffs: IFIC anticipates conducting discovery on the defendants' execution of the AOI and any defenses that the defendants assert in defense of the claims asserted by IFIC in this action.

For defendants: Defendants show that discovery is necessary to establish the amounts and circumstances of payments to IFIC for the Projects, as well as the amounts and the facts and circumstances concerning or relating to the damages and attorney's fees and legal costs and expenses incurred by IFIC in connection with the Bonds it issued, which include, but are not limited to, payments, if any, made by IFIC and/or Talbot Construction to subcontractors, suppliers, materialmen, and other claimants pursuant to the Payment Bonds IFIC issued; payments, reimbursements, expenditures, or other compensation paid by IFIC under the Performance Bonds IFIC issued; and investigative costs and expenses incurred by IFIC in connection with claims asserted against either or both Bonds.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties do not anticipate that additional time beyond that allowed by the assigned discovery track will be necessary.

**11.　Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

**12.　Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.　Settlement Potential:**

(a)　Lead counsel of the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 15, 2015, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiffs:　Lead counsel:　s/ Brian A. Dodd
　　　　　　　　Other participants:　Ryan Dry

For defendants:　Lead counsel:　s/ Jeffrey L. Evans
　　　　　　　　Other participants:

(b)　All parties were properly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

　　　　(✓)　A possibility of settlement before discovery.
　　　　(✓)　A possibility of settlement after discovery.
　　　　(___)　A possibility of settlement, but a conference with the judge is needed.
　　　　(___)　No possibility of settlement.

(c) Counsel (✓) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case. None.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by Jury trial if a party is otherwise entitled to a jury trial.

None.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court. A complete Consent to Jurisdiction by a United State Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2015.

(b) The parties (✓) do not consent to having this case tried before a magistrate judge of this court.

| | |
|---|---|
| /s *Brian A. Dodd* | /s *Jeffrey L. Evans* |
| Brian A. Dodd | Jeffrey L. Evans, Esq. |
| Krebs \| Farley P.L.L.C. | Law Office of Jeffrey L. Evans, LLC |
| 1950 Stonegate Drive, Ste. 225 | 160 Clairemont Avenue, Ste. 200 |
| Birmingham, Alabama 35242 | Decatur, Georgia 30030 |
| Telephone: 205/968-4009 | Telephone: (678) 428-0585 |
| E-mail: bdodd@kfplaw.com | E-mail: eff@jeffesq.com |

* * * * * * * * * * * *
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____ _____, 2016.

_____
UNITED STATES DISTRICT JUDGE